IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD DWANE GIBBONS,

      Plaintiff,                                   2:10-cv-02880-KJN

   v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.                                 ORDER

_____/

A Scheduling Order dated November 1, 2010, directed the parties in this case to file completed "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms within 90 days of the receipt of that order.[1] (Dkt. No. 5 at 1.) The form can be obtained from the Clerk's Office or, alternatively, can be printed from the court's electronic docket in this case at Docket Number 5.

////

////

////

---

[1] This action proceeds before the undersigned pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Eastern District Local Rule 302(c)(15).

1

1       A review of the court's docket reflects that plaintiff Harold Dwane Gibbons, has not filed this required "Consent to / Decline of Jurisdiction of US Magistrate Judge" form. Accordingly, plaintiff is ordered to file a completed "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms within fourteen days of the entry of this order. Failure to do so may subject plaintiff to sanctions.[2]

IT IS SO ORDERED.

DATED: June 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] While plaintiff is proceeding without counsel in this action, plaintiff nonetheless has the obligation to comply with court orders and Eastern District Local Rules. Plaintiff has been reminded of this obligation previously in this case. (Dkt. Nos. 7-8.) "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").